## Ritter v. Boyertown Area Joint School System

*Knox Henderson*, for plaintiffs.

*Jules Pearlstine*, for defendant.

QUINLAN, J., November 2, 1962.—This matter is now before us upon defendant's preliminary objections to plaintiffs' summons in equity. Plaintiffs are the owners of premises located in Colebrookdale Township, Berks County, Pennsylvania, and in Douglass Township, Montgomery County, Pennsylvania, which was allegedly condemned by a resolution of defendant, Boyertown Area Joint School System. As a result of this resolution, plaintiffs commenced this action in equity by summons in this county on July 16, 1962, seeking to enjoin the joint school system from taking possession of plaintiffs' land and from continuing with any further condemnation proceedings under the resolution of the joint board.[1] To this summons in equity, defendant filed its preliminary objections raising the question of jurisdiction and alleging that it was a political subdivision located in Berks County not carrying on any activities in Montgomery County and that the al-

---

[1] On September 10, 1962, a complaint in equity was filed alleging these facts and the prayers above-mentioned.

leged cause of action which gave rise to this suit arose in Berks County.[2] The matter is now before us for decision.

Defendant's preliminary objections attack the jurisdiction of the Court of Common Pleas of Montgomery County over its joint system and the venue of this action in Montgomery County. In support of its contention, it relies upon rule 2103(b) of the Pennsylvania Rules of Civil Procedure which provides as follows:

"Rule 2103. Venue.

"(b) Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political sub-division may be brought in and only in the County in which the political subdivision is located."

Defendant argues that the Boyertown Area Joint School System is a political subdivision and that such subdivision is not located in Montgomery County and that suit may not be properly brought in this county.

Rule 76 of the Pennsylvania Rules of Civil Procedure defines a "political subdivision" as follows:

"any county, city, borough, incorporated town, township, school district or poor district."

It is clear from the wording of rule 76 that a school district is a political subdivision. It is defendant's contention, however, that the joint school district which is comprised in this case of 12 school districts is also a political subdivision. Defendant cites many cases in support of this contention. Not one of these cases, however, stands for the proposition that a joint school

---

[2] On October 1, 1962, the same day on which this matter was argued before this court, the Berks County Court of Common Pleas, on a petition filed August 14, 1962, appointed a jury of view in the condemnation proceedings mentioned herein. On October 11, 1962, plaintiffs in the instant case instituted a complaint in equity in the Berks County Court of Common Pleas in which they alleged the same facts and requested the same prayer as in the instant action.

district composed of many school districts is in and of itself a political subdivision. Moreover, this argument seems to ignore article III, section 34, of the Constitution of the Commonwealth of Pennsylvania which provides that school districts shall not be divided into more than five classes; Constitution, art 3, sec. 34, which five classes (first class, first class A, second class, third class and fourth) do not include a joint school system: section 2-202 of the Public School Code of March 10, 1949, P. L. 30, art. II, sec. 202, as amended, 24 PS §2-202.

However, we need not now decide whether or not defendant is a political subdivision, since we find that, even if it is a political subdivision, defendant joint school system is sufficiently located within Montgomery County so that venue may be properly be had within the meaning of Pa. R. C. P. 2103(b).

Defendant joint school system consists of the school districts of the Borough of Boyertown, Borough of Bally, Borough of Bechtelsville, Township of Earl, Washington, Colebrookdale and Douglass, all located in Berks County, and the school district of the Township of New Hanover, Upper Frederick, Douglass, the Independent School District of Fagleysville, the Independent School District of Swamp, all located in Montgomery County, Pennsylvania. In light of the fact that five of these constituent school districts making up the joint school system are clearly in Montgomery County, we do not see how it can be denied that defendant is located, at least in part, in Montgomery County, which to our mind satisfies the venue provisions of Pa. R. C. P. 2103(b).

In arguing that the school system is located in Berks County, defendant relies upon (1) section 901(c) of the Public School Code of 1949, as amended, 24 PS §9-901(c), and (2) the fact that the principal and only office of the Boyertown Area Joint School System is

located within Berks County. Section 901(c) of the School Code of 1949 does not give one a guide in determining where a joint school system which consists of districts in more than one county is located. The section upon which defendant relies merely states on which county board the school directors of such joint school districts shall hold office. Moreover, the fact that the principal and only office of defendant joint school system is located within Berks County should not result in a determination that the joint school system itself is located only within that county. The choice of such an office is merely an arbitrary one and in all likelihood was only located in Berks County for the convenience of the seven constituent school districts located within Berks County. We do not believe that it is inconsistent to find that for venue purposes, defendant joint school system is located in both Montgomery and Berks Counties.

Finally, it should be noted that venue is properly had within Montgomery County in accordance with the Rules of Civil Procedure which govern actions in equity. Rule 1503, which governs venue in equity actions, provides as follows:

"Rule 1503. Venue.

"(a) Except as otherwise provided by an Act of Assembly, Rule of the Supreme Court or by subdivision (b), (c) or (d), an action may be brought in and only in a county in which

"(1) the defendant or a principal defendant may be served, or

"(2) the property or a *part of the property* which is the subject matter of the action is located. . . ." (Italics supplied.)

The subject matter of the action at hand is the land of plaintiffs which defendant school system seeks to condemn under its power of eminent domain. This tract of land is located partly in Montgomery County and

partly in Berks County. Therefore, to the extent that rule 1503 has application in determining venue in the present case, we believe that the venue of this action is properly laid in Montgomery County.

### Order

And now, November 2, 1962, for the foregoing reasons, defendant's preliminary objections to plaintiffs' summons in equity are dismissed.